## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| PAMELA LLOYD, on behalf of herself and others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES E. ALBERTELLI, P.A. d/b/a ALBERTELLI LAW,<br><br>      Defendant. | **Civil Action No.:**<br><br>**COMPLAINT--CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### Nature of Action

1.     This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., for the benefit of Florida consumers who have been the subject of debt collection efforts by James E. Albertelli, P.A. d/b/a Albertelli Law ("Defendant").

2.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.     As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

5.      A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

6.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

7.      Indeed, the aim of § 1692g is to provide a period for the recipient of a collection letter to understand and consider her options.

8.      This case centers on Defendant's failure to effectively provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Florida consumers, or within five days thereafter.

---

[1]      *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed February 12, 2020).

**Parties**

9.      Pamela Lloyd ("Plaintiff") is a natural person who at all relevant times resided in Broward County, Florida.

10.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes— namely, a mortgage debt related to her residential property allegedly owed to Wells Fargo Home Mortgage (the "Debt").

12.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.      Defendant is a professional association with its principal office in Hillsborough County, Florida.

14.      Defendant is "a full-service collections firm" that "specializes in creditors' rights litigation."[2]

15.      Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16.      Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

---

[2]      *See* https://alaw.net/services/consumer-collections/ (last accessed February 12, 2020).

17.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18.     Defendant held itself out to Plaintiff as a debt collector.

19.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

20.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

### Factual Allegations

22.     On or about October 25, 2019, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

23.     A true and correct copy of the October 25, 2019 communication to Plaintiff is attached as Exhibit A.

24.     This October 25, 2019 communication to Plaintiff was the first communication Plaintiff received from Defendant.

25.     Plaintiff did not receive any other communication from Defendant within five days of the October 25, 2019 communication.

26.     The October 25, 2019 communication advised Plaintiff that Defendant "represents Wells Fargo Home Mortgage, the creditor and servicer of a loan" related to Plaintiff's property. *Id*.

27.     The October 25, 2019 communication further advised Plaintiff that "this communication is governed by the Fair Debt Collection Practices Act 'FDCPA', 15 USCS §§ 1692 et seq." *Id*.

28.     The October 25, 2019 communication then advised Plaintiff that she owed the "Total Claim" listed above, and that the creditor was also entitled to recover its attorney's fees and costs. *Id*.

29.     Thereafter, the October 25, 2019 communication advised Plaintiff:

Per the FDCPA:

IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

*Id*.

30.     At the end of the October 25, 2019 communication, Defendant advised Plaintiff:

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION WILL BE USED FOR THAT PURPOSE.**

*Id*.

## Class Action Allegations

31.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of two classes consisting of:

### The Validation Notice Class

All persons (a) with a Florida address, (b) to whom James E. Albertelli, P.A. d/b/a Albertelli Law mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that (i) failed to

include a statement that that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, or (ii) failed to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, or (iii) failed to include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### The Cease Collection Class

All persons (a) with a Florida address, (b) to whom James E. Albertelli, P.A. d/b/a Albertelli Law mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that (i) failed to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (ii) failed to include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, but (iii) that included the following statement:

> IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

32.     Excluded from the classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

33.     The classes satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

34.     The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

35.     The classes are ascertainable because they are defined by reference to objective criteria.

36.     In addition, upon information and belief, the names and addresses of all members of the proposed classes can be identified in business records maintained by Defendant.

37.     The classes satisfy Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the classes.

38.     To be sure, Plaintiff's claims and those of the members of the classes originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the classes.

39.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

40.     Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

42.     Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the classes to individually redress the wrongs done to them.

43.    There should be no unusual difficulty in the management of this action as a class action.

44.    Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

45.    Among the issues of law and fact common to the classes are:

   a.  Defendant's violations of the FDCPA as alleged herein;

   b.  whether Defendant is a debt collector as defined by the FDCPA;

   c.  the availability of statutory penalties; and

   d.  the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3)
as to Plaintiff and the Validation Notice Class**

46.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45.

47.    The FDCPA at 15 U.S.C. § 1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

*****

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

48.    Defendant's October 25, 2019 communication did not contain the disclosure required by 15 U.S.C. § 1692g(a)(3), nor did Defendant provide such disclosure within five days thereafter.

49.     Specifically, Defendant's October 25, 2019 communication violated 15 U.S.C. § 1692g(a)(3) by failing to inform Plaintiff that unless she, within thirty days after receipt of the October 25, 2019 communication, disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by Defendant.

50.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily mandated disclosures to which she was entitled.

51.     Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that she owes the debt sought by the collector before paying it.

52.     And the content of Defendant's October 25, 2019 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

53.     Specifically, when a consumer is not provided with her legal rights as required by law, she is left in the dark about her options in responding to a debt collection letter.

54.     And that risk manifested itself here, as Plaintiff was unaware of her validation rights.

55.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

### Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(4) as to Plaintiff and the Validation Notice Class

56.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45.

57.    The FDCPA at 15 U.S.C. §1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

 (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

58.    Defendant's October 25, 2019 communication did not contain the disclosure required by 15 U.S.C. §1692g(a)(4), nor did Defendant provide such disclosure within five days thereafter.

59.    Specifically, Defendant's October 25, 2019 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that if she notified Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt or a copy of a judgment against her and a copy of such verification or judgment will be mailed to the her by Defendant.

60.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily mandated disclosures to which she was entitled.

61. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that she owes the debt sought by the collector before paying it.

62. And the content of Defendant's October 25, 2019, communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

63. Specifically, when a consumer is not provided with her legal rights as required by law, she is left in the dark about her options in responding to a debt collection letter.

64. And that risk manifested itself here, as Plaintiff was unaware of her validation rights.

65. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

**Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(5) as to Plaintiff and the Validation Notice Class**

66. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 45.

67. The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68.     Defendant's October 25, 2019 communication did not contain the disclosure required by 15 U.S.C. § 1692g(a)(5), nor did Defendant provide such disclosure within five days thereafter.

69.     Specifically, Defendant's October 25, 2019 communication violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that upon her written request within the thirty-day period, Defendant would provide her with the name and address of the original creditor, if different from the current creditor.

70.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily mandated disclosures to which she was entitled.

71.     Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that she owes the debt sought by the collector before paying it.

72.     And the content of Defendant's October 25, 2019, communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

73.     Specifically, when a consumer is not provided with her legal rights as required by law, she is left in the dark about her options in responding to a debt collection letter.

74.     And that risk manifested itself here, as Plaintiff was unaware of her validation rights.

75.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

### Count IV: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e
### as to Plaintiff and the Cease Collection Class

76.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1 through 45.

77.     The FDCPA at 15 U.S.C. § 1692g(b) provides:

**(b) Disputed debts**

*If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.* Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

78.     The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt

collector may not use any false, deceptive, or misleading representation or means in connection

with the collection of any debt."

79.     By advising Plaintiff in the October 25, 2019 communication that

IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

without making the disclosures required by 15 U.S.C. § 1692g(a)(4)-(5), Defendant misstated the law and falsely implied to Plaintiff that taking certain actions, *i.e.*, a dispute by telephone, would trigger protections for her under the FDCPA that would only in fact be triggered by a writing.

80.     As a result, Defendant used a false, deceptive, and misleading representation in connection with the collection of the Debt, in violation of 15 U.S.C. § 1692e.

81.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and directed to her a false, deceptive, and misleading representation in connection with the collection of the Debt.

82.     And the content of Defendant's October 25, 2019, communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

83.     Specifically, the October 25, 2019 communication presents a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt-collection practices because the letter provides misleading information about the manner in which the consumer can exercise her statutory right to pause debt collection activity while she obtains verification of the debt, or the name and address of the original creditor.

84.     Because of the language in the October 25, 2019 communication, Plaintiff was unaware that only a written dispute, or a written request for creditor information, within the 30-day validation period, would trigger the protections of the FDCPA that required a debt collector to cease collection until it provided such information.

84.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(3)-(5) and 15 U.S.C. § 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the classes actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(3)-(5) and 15 U.S.C. § 1692e with respect to Plaintiff and the classes;

F. Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  February 12, 2020                    Respectfully submitted,

*/s/ James L. Davidson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230

Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Matisyahu H. Abarbanel
Florida Bar No. 130435
Loan Lawyers
3201 Griffin Road, Suite 100
Ft. Lauderdale, FL 33312
Tel: (954) 523-4357
matis@fight13.com

Counsel for Plaintiff and the proposed
classes

16