**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-60300-SMITH**

|   |   |
|---|---|
| PAMELA LLOYD, on behalf of herself and others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| JAMES E. ALBERTELLI, P.A. d/b/a ALBERTELLI LAW, | : : : |
| Defendant. | : : |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

WHEREAS, this Court has been advised that the parties to this action, Pamela Lloyd ("Plaintiff" or "Class Representative"), and James E. Albertelli, P.A. d/b/a Albertelli Law ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on **December 8, 2020 at 9:30 a.m.**, after Notice to the Class Members, to confirm that the proposed

1

settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any Class Member resides.

Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) with an address within the States of Florida, Texas, Georgia, Arkansas, Alabama, South Carolina, or Tennessee, (b) to whom James E. Albertelli, P.A. mailed an initial debt collection communication not returned as undeliverable to James E. Albertelli, P.A. d/b/a Albertelli Law, (c) in connection with the collection of a consumer debt, (d) between February 12, 2019 and the date the Court grants preliminary approval of the settlement, (e) that (i) failed to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (ii) failed to include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, but (iii) that included the following statement:
>
>> IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL

> CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

Defendant has identified a total of 7,729 potential Class Members.

Pursuant to Federal Rule of Civil Procedure 23, the Court appoints Pamela Lloyd as the Class Representative. The Court also appoints James L. Davidson and Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See, e.g.*, *Johnson v. NPAS Solutions, LLC*, No.: 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. Dec. 4, 2017) (Rosenberg, J.) (granting preliminary approval of class action settlement and appointing Greenwald Davidson Radbil PLLC as Class Counsel); *James v. JPMorgan Chase Bank, N.A.*, No. 15–2424, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) (same); *Rodriguez v. Dynamic Recovery Solutions, LLC*, Nos. 14–CIV–20933, 14–CIV–24502, 2015 WL 178161, at *1 (S.D. Fla. Jan. 14, 2015) (Bloom, J.) (same).

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the statutory damages available to the Class Members, and the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third-party settlement administrator acceptable to the parties will administer the settlement and notification to Class Members. The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All reasonable costs of notice and administration will be paid by Defendant separate and apart from

the Settlement Fund. Upon the recommendation of the parties, the Court appoints the following administrator: First Class, Inc.

The Court approves the form and substance of the postcard notice of the class action settlement, attached to the Agreement as Exhibit A, and the long-form notice attached to the Agreement as Exhibit B. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice."). The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Settlement Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than August 27, 2020**. The Settlement Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Settlement Administrator currently uses to update addresses.

Any Class Member who desires to receive monies from the Settlement Fund must submit a claim form with a postmark date no later than 60 days after the Court's entry of this order, *i.e.*, **no later than October 5, 2020**.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 60 days after the

Court's entry of this order, *i.e.*, **no later than October 5, 2020**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be bound by the terms of the Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 60 days after the Court's entry of this order, *i.e.*, **no later than October 5, 2020**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: James L. Davidson, Greenwald Davidson Radbil PLLC, 7601 N. Federal Hwy., Suite A-230, Boca Raton, FL 33487; and Counsel for Defendant, Ernest H. Kohlmyer, III, Shephard, Smith, Kohlmyer & Hand, P.A., 2300 Maitland Center Parkway, Suite 100, Maitland, FL 32751.

To be effective, a notice of intent to object to the Settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 60 days after the Court preliminarily approves the settlement;

(d) Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

(e) Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 60 days after the Court preliminarily approves the settlement;

5

  (f)  Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Southern District of Florida;

  (g)  Contain a statement of the specific basis for each objection;

  (h)  Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

  (i)  State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Settlement Administrator will mail a settlement check to each Participating Class Member. Each Participating Class Member will receive a pro-rata portion of the $20,000 Settlement Fund.

The Court will conduct a hearing ("Final Fairness Hearing") on **December 8, 2020 at 9:30 a.m.** at the United States District Court for the Southern District of Florida, U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Courtroom 310B, Fort Lauderdale, FL 33301, to review and rule upon the following issues:

  A.  Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

  B.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and

        in the best interest of the Class Members and should be approved by the Court;

C.     Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.     To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Memoranda in support of the proposed settlement, and memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 28 days before the Final Fairness Hearing *i.e.*, **no later than November 10, 2020**. Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final Fairness Hearing, *i.e.*, **no later than November 24, 2020**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days before the Final Fairness Hearing, *i.e.*, **no later than December 1, 2020**.

This Order will be null and void if either of the Parties terminates the Agreement for any of the following reasons:

A.     Any specified material condition to the settlement set forth in the Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

B.  The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

C.  The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement and/or this Order are voided, then the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| Date | Event |
| --- | --- |
| August 6, 2020 | Preliminary Approval Order Entered |
| August 27, 2020 | Notice Sent (21 days after entry of Preliminary Approval Order) |
| October 5, 2020 | Deadline to Send Exclusion or File Objection (60 days after entry of Preliminary Approval Order) |
| November 10, 2020 | Motion for Final Approval and Attorneys' Fees Petition Filed (28 days before final fairness hearing) |
| November 24, 2020 | Opposition to Motion for Final Approval and Attorneys' Fees Petition Due (14 days before final fairness hearing) |

December 1, 2020    Reply in support of Motion for Final Approval and Attorneys' Fees Petition Due (7 days before final fairness hearing)

December 8, 2020    Final Fairness Hearing Held

DONE and ORDERED in Fort Lauderdale, Florida this 6th day of August, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record