**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:20-cv-60300-RS**

| | |
|---|---|
| PAMELA LLOYD, on behalf of herself and others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| JAMES E. ALBERTELLI, P.A. d/b/a ALBERTELLI LAW, | : : : |
| Defendant. | : : |

**FINAL ORDER AND JUDGMENT**

On February 12, 2020, Pamela Lloyd ("Plaintiff" or "Class Representative") filed a class action complaint (hereinafter referred to as the "Lawsuit") against James E. Albertelli, P.A. d/b/a Albertelli Law ("Defendant") in the United States District Court, Southern District of Florida, Case No. 0:20-cv-60300-RS, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Defendant has denied any and all liability alleged in the Lawsuit.

On June 8, 2020, after extensive arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a written Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.

Also on June 8, 2020, the Parties filed the Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant served written notice of the proposed class settlement as directed.

On August 6, 2020, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the Final Fairness Hearing.

On November 10, 2020, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On December 8, 2020, a Final Fairness Hearing was held pursuant to Federal Rule of Civil Procedure 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Federal Rule of Civil Procedure 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**CLASS MEMBERS** – Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in

the Lawsuit:

>All persons (a) with an address within the States of Florida, Texas, Georgia, Arkansas, Alabama, South Carolina, or Tennessee, (b) to whom James E. Albertelli, P.A. mailed an initial debt collection communication not returned as undeliverable to James E. Albertelli, P.A. d/b/a Albertelli Law, (c) in connection with the collection of a consumer debt, (d) between February 12, 2019 and August 6, 2020, (e) that (i) failed to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, and (ii) failed to include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, but (iii) that included the following statement:
>
>>IF, WITHIN THIRTY (30) DAYS AFTER YOU RECEIVE THIS NOTICE, YOU NOTIFY US, AS STATED ABOVE, THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED AND/OR THAT YOU REQUEST, VALIDATION AND/OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, THE FAIR DEBT COLLECTION PRACTICES ACT REQUIRES US TO CEASE OUR COLLECTION EFFORTS, EVEN IF WE HAVE ALREADY FILED THE LAWSUIT, UNTIL WE PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Federal Rule of Civil Procedure 23, the Court certifies Pamela Lloyd as the Class Representative and James L. Davidson and Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See Johnson v. NPAS Solutions, LLC*, No.: 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. May 8, 2018) (Rosenberg, J.); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *2 (S.D. Fla. Feb. 23, 2015) (Bloom, J.).

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds

that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23 for the purposes of settlement, namely:

A. The Class Members are so numerous and geographically dispersed that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994). Indeed, the per-class member recovery is in-line with many recoveries in similar FDCPA class actions. Moreover, Plaintiff obtained a change to Defendant's form collection letter that she could not necessarily have obtained had this case gone to trial. Furthermore, the settlement provides immediate cash compensation to Class Members while avoiding the complexity, expense, and risk

of further litigation.

**SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

1. Settlement Fund – Defendant will establish a $23,310.14 settlement fund (the "Settlement Fund"). Defendant will fund the Settlement Fund within 7 days after the date that this Order becomes final.

2. Settlement Payment to Class Members – Each the 612 Class Members who submitted a valid claim form will receive a pro rata share of the Settlement Fund.[1] Each settlement check will be void ninety days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be distributed to Legal Aid Society of Broward County as the *cy pres* recipient.

3. Class Representative Settlement Amount – The Class Representative will receive from Defendant the sum of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) ("Payment to Plaintiff"). This payment will be separate and apart from the Settlement Fund and her pro-rata share of the same. Defendant will pay the Payment to Plaintiff within 7 days after the date that this Order becomes final.

4. Stipulated Equitable Relief – Defendant represents and warrants that it has ceased the use of the form of letter attached to the Class Action Complaint as Exhibit A, *see* DE 1-1, as of February 18, 2020 and will not use that form of letter in its debt collection practice going forward.

---

[1] This number includes 45 class members who submitted valid claim forms after the claims deadline.

5.      <u>Settlement Notice and Administration</u>: Separate from the Settlement Fund, the Payment to Plaintiff, and the Attorneys' Fees, Defendant is responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs"), which will be completed by First Class, Inc.

**OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. Five Class Members excluded themselves from the settlement. Those class members are Mark Bostrom, John T. Poland, Yarni B. Poland, Felipe Betancourt, and Robert A. Shaw. This Order is binding on all Class Members except the five persons refenced in this paragraph.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, all released claims are compromised, settled, released, discharged, by virtue of these proceedings and this Order.

The Lawsuit is hereby dismissed with prejudice in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

**DONE and ORDERED** in Fort Lauderdale, Florida this 10th day of December, 2020.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**